JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Defendant-appellant Michael Dempsey ("defendant") appeals from the judgment of the trial court which, after a hearing, imposed conditions of supervision after finding him eligible for Intervention in Lieu of Conviction pursuant to R.C.2951.041. For the reasons set forth below, we dismiss the appeal for a lack of a final appealable order.
 {¶ 2} The defendant was indicted on two counts of possession of drugs in violation of R.C. 2925.11. Count one charged him with possession of less than one gram of crack cocaine, and count two charged him with possession of less than five grams of cocaine, both felonies of the fifth degree. At his arraignment, the defendant pleaded not guilty to the charges. The defendant, through counsel, applied for the Early Intervention Program pursuant to R.C. 2951.041. On November 13, 2002, the trial court held a hearing on the matter and on November 14, 2002, granted the Intervention in Lieu of Conviction. The trial court stayed the criminal proceedings and imposed various conditions on the defendant during his two year intervention period. It is from the imposition of these conditions that the defendant now appeals, asserting this sole assignment of error:
 {¶ 3} "I. When a criminally accused is deemed to be statutorily eligible for intervention in lieu of conviction, is placed in a drug dependency/treatment program operated by the common pleas court probation department and all proceedings are stayed pending completion of this program, it is error for the common pleas court to impose penalties as if the accused were convicted of the underlying offense."
 {¶ 4} The defendant essentially challenges the imposition of the penalties imposed by the court. Specifically, he argues that the $1,000 fine, the suspension of his drivers license and the two-year home detention is punitive and unauthorized by Ohio law.
 {¶ 5} R.C. 2951.041 governs intervention in lieu of conviction and provides that, upon request, certain eligible offenders may be placed under the general control and supervision of the county probation department, successfully complete an intervention plan, and have the criminal proceedings against him or her dismissed.[1]
 {¶ 6} R.C. 2505.02 provides in part that an order that affects a substantial right made in a special proceeding is a final order that may be reviewed, affirmed, modified or reversed, with or without retrial.
 {¶ 7} R.C. 2505.02 defines special proceeding as "an action or proceeding that is specially created by statute." The intervention in lieu of conviction hearing was a special proceeding created by R.C. 2951.041. Therefore, in order to determine if a final appealable order exists, we must first determine that the order by the trial court affects a substantial right of the defendant. We find that it does not.
 {¶ 8} A substantial right is defined in R.C. 2505.02 as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." It is essentially a legal right that is enforced and protected by law. State v. Coffman (2001), 91 Ohio St.3d 125 citing Cleveland v.Trzebuckowski (1999), 85 Ohio St.3d 524, 526.
 {¶ 9} R.C. 2951.041 does not create a legal right to intervention in lieu of conviction. Rather, the statute is permissive in nature and provides that the trial court may, in its discretion, grant the defendant an opportunity to participate in the early intervention in lieu of a sentence. Accord State v. Coffman, supra. Intervention is not a right provided to defendants; instead, it is a special opportunity provided to select defendants who are deemed eligible by the trial court. In this case, the defendant requested intervention in lieu of conviction, which the trial court granted. The defendant now complains that the intervention plan which he was ordered to follow was too onerous.
 {¶ 10} We note that the defendant did not have to agree to the intervention plan. Instead, he could have opted to have his case treated as any other criminal case. That is, he could have pleaded guilty and received a sentence, or pleaded not guilty and received a trial, after which he would have either been acquitted or found guilty and sentenced accordingly.
 {¶ 11} We find that the trial court's imposition of various conditions of the defendant's intervention plan in lieu of conviction does not affect a substantial right of the defendant and therefore is not a final appealable order.
Appeal dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., J., and Anthony O. Calabrese, Jr., J., concur.
N.B. This entry is an announcement of the court's decision. See App.R.22(B), 22(D) and 26(A); Loc.App.R.22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).
[1] R.C. 2951.041 is analogous to the former R.C. 2951.04 which governed conditional probation.